UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **RACHEL NICOLE HYATT,** *Plaintiff* | § § § | |
| **v.** | § § | **CASE NO. 1:21-CV-381-RP-SH** |
| **KILOLO KIJAKAZI, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,** *Defendant* | § § § | |

### ORDER

Before the Court is Plaintiff's Motion to Appoint Counsel (Dkt. 16), filed October 29, 2021. The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Standing Order Regarding Court Docket Management of Cases Seeking Judicial Review of Social Security Decisions for the Austin Division.

On May 3, 2021, the Court granted Plaintiff *in forma pauperis* status. Dkt. 4. Plaintiff now asks the Court to appoint counsel to assist her with the briefing this case.

A *pro se* plaintiff in a civil case "has no right to the automatic appointment of counsel." *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). A district court is "not required to appoint counsel for an indigent plaintiff in a civil lawsuit unless there exist exceptional circumstances warranting such an appointment." *Tampico v. Martinez*, 987 F.3d 387, 392 (5th Cir. 2021). The Fifth Circuit has identified factors that a district court should consider in determining whether exceptional circumstances warrant the appointment of counsel, including: (1) the type and complexity of the case; (2) the plaintiff's ability adequately to present and investigate her case; (3) the presence of evidence which largely consists of conflicting testimony so as to require skill

in presentation of evidence and in cross-examination; and (4) the likelihood that appointment will benefit the plaintiff, the court, and the defendant by shortening the trial and assisting in just determination. *Id.*

Plaintiff not shown that exceptional circumstances exist to warrant the appointment of counsel at this time. This is an appeal from an administrative decision denying Plaintiff's claim for disability benefits. The issues presented are not particularly complex. Plaintiff has sufficiently handled all procedural matters to this point, and has adequately and coherently alleged all claims of error. *See Grant v. Saul*, No. SA-20-CV-01221-JKP-EBC, 2021 WL 3620438, at *1 (W.D. Tex. Aug. 16, 2021) (denying motion for appointment of counsel in appeal of Commissioner of the Social Security's decision where plaintiff failed to present exceptional circumstances).

The Government filed its Answer and a copy of the administrative record on September 13, 2021. Dkt. 10. Plaintiff's brief is due on or before November 30, 2021. Dkt. 15. In that brief, Plaintiff need only set forth the basis for her appeal and the reasons she believes the administrative law judge erred in finding that she is not disabled. Plaintiff's pleadings demonstrate that she can adequately present her case. If the Government's responsive brief raises any complex issues that Plaintiff finds difficult to address in a reply brief, she may move for appointment of counsel again and set forth the reasons she believes an appointment to be necessary.

Based on the foregoing, Plaintiff's Motion to Appoint Counsel (Dkt. 16) is **DENIED**.

**SIGNED** on November 2, 2021.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE