# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **RACHEL NICOLE HYATT,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **CASE NO. 1:21-CV-381-RP-SH** |
| **KILOLO KIJAKAZI, ACTING** | § | |
| **COMMISSIONER OF THE SOCIAL** | § | |
| **SECURITY ADMINISTRATION,** | § | |
| *Defendant* | § | |

## ORDER

Before the Court are Plaintiff's Second Motion to Appoint Counsel (Dkt. 20), filed January 26, 2022, and Plaintiff's Supplement (Dkt. 21), filed January 29, 2022. The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Standing Order Regarding Court Docket Management of Cases Seeking Judicial Review of Social Security Decisions for the Austin Division.

A *pro se* plaintiff in a civil case "has no right to the automatic appointment of counsel." *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). A district court is "not required to appoint counsel for an indigent plaintiff in a civil lawsuit unless there exist exceptional circumstances warranting such an appointment." *Tampico v. Martinez*, 987 F.3d 387, 392 (5th Cir. 2021). The Fifth Circuit has identified factors that a district court should consider in determining whether exceptional circumstances warrant the appointment of counsel, including: (1) the type and complexity of the case; (2) the plaintiff's ability adequately to present and investigate her case; (3) the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and (4) the likelihood that appointment will

1

benefit the plaintiff, the court, and the defendant by shortening the trial and assisting in just determination. *Id.*

On May 3, 2021, the Court granted Plaintiff *in forma pauperis* status. Dkt. 4. On November 2, 2021, the Court denied Plaintiff's first motion for appointment of counsel. Dkt. 17. Plaintiff again asks the Court to appoint counsel to assist her with the briefing this case.

Plaintiff again has not shown that exceptional circumstances exist to warrant the appointment of counsel. She has handled all procedural matters sufficiently to this point, and has adequately and coherently alleged all claims of error. *See Grant v. Saul*, No. SA-20-CV-01221-JKP-EBC, 2021 WL 3620438, at *1 (W.D. Tex. Aug. 16, 2021) (denying motion for appointment of counsel in appeal of Commissioner of Social Security decision where plaintiff failed to present exceptional circumstances). Accordingly, Plaintiff's Motion to Appoint Counsel (Dkt. 20) is **DENIED**.

However, the Court will extend Plaintiff's time to file her brief until **March 7, 2022**. Defendant's response is now due by **April 6, 2022**. The Court will grant no further extensions. Failure to comply with this Order may result in the dismissal of this case under Federal Rule of Civil Procedure 41(b).

**SIGNED** on February 3, 2022.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE